IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darryl L. Cook, | ) | C/A No. 0:11-320-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Darryl L. Cook ("Cook"), a self-represented federal prisoner, filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA" or "Act"), against the defendant, the United States of America ("the Government").[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss or, in the alternative, for summary judgment filed May 27, 2011 (ECF No. 25) and motion to dismiss filed June 23, 2011 (ECF No. 33). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Cook of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motions. (ECF Nos. 26 & 34.) Cook filed responses in opposition (ECF Nos. 28 & 36) and the defendant filed a reply (ECF No. 32). Having reviewed the parties' submissions and

---

[1] Because Cook expressly invokes the FTCA, the court addresses Cook's claims under that statute and construes the instant Complaint not to raise claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). Although Cook mentions that his motion pursuant to 28 U.S.C. § 2255 in his criminal case was denied because he was transferred from Atlanta to FCI-Estill, the court observes that this claim appears to be the subject of a separate administrative claim and lawsuit, C/A 0:11-2669-RMG-PJG.



the applicable law, the court finds that the defendant's motions should be granted in part and denied in part.

## BACKGROUND

Cook filed this FTCA case regarding property that he alleges was lost when he was transferred from a Bureau of Prisons ("BOP") facility in Atlanta, Georgia to FCI-Estill in South Carolina.[2] He also appears to assert that the Government was negligent in handling Cook's back injury sustained at his prison job and in failing to advise inmates of contaminated water at the prison. Additionally, Cook filed an Amended Complaint seeking to increase the amount of damages he seeks and alleging that he was wrongfully transferred from Atlanta to FCI-Estill.

At issue with regard to the pending motions is whether Cook failed to exhaust his administrative remedies before filing this action, thus depriving the court of subject matter jurisdiction. The dispute appears to center around the timing of Cook's filing in this court. Specifically, the Government contends that Cook filed the instant Complaint prematurely, prior to the expiration of the statutory waiting period.

## DISCUSSION

**A.    Rule 12(b)(1) Standard**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary

---

[2] Cook also mentions in his response to the Government's motion that BOP allegedly failed to properly treat him for cancer; it appears, however, that he has withdrawn this claim, to the extent it was ever properly asserted, conceding that it was not properly exhausted. (See ECF No. 36 at 8.)



judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: " '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.' " Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

**B.    Exhaustion of Remedies under the FTCA**

Cook has expressly filed this action pursuant to the FTCA. The Act provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the FTCA includes a limited waiver of the Government's immunity as a sovereign, the statute is to be strictly construed and its requirements strictly met. See Welch v. United States, 409 F.3d 646, 650-51 (4th Cir. 2005); see also Lane v. Pena, 518 U.S. 187, 192 (1996) (stating that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign").

> The pertinent provision of the FTCA provides:
>
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Further, any tort claim against the United States is "forever barred" unless the "action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); see also 28 C.F.R. § 14.9(a). When a plaintiff fails to follow the statutory exhaustion requirements, a federal district court lacks subject matter jurisdiction over the claim. See Plyler v. United States., 900 F.2d 41 (4th Cir. 1990); see also McNeil v. United States, 508 U.S. 106, 113 (1993). The burden of establishing subject matter jurisdiction over an FTCA claim lies with the plaintiff. See Welch, 409 F.3d at 650-51.

The Government contends that Cook filed this action prematurely, not having waited for either a denial of his claim or for the six-month statutory response period to have elapsed. In support of this assertion, the Government uses the date that Cook apparently signed the Complaint. (See Def.'s Mem. Supp. Mot. Dismiss at 4, ECF No. 25 at 4 (citing Compl., ECF No. 1 at 6)). However, the United States Supreme Court has held that the word "institute[]" as used in the FTCA is usually

*PJG*

synonymous with "commence." McNeil, 508 U.S. at 112.³  Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is *commenced* by filing a complaint with the court." Fed. R. Civ. P. 3 (emphasis added).  Under Rule 5, a paper is filed when it is delivered to the clerk. Fed. R. Civ. P. 5(d)(2)(A).  Here, the docket shows that Cook's Complaint was delivered to the court on February 7, 2011, after the expiration of the statutory waiting period. (See Compl., ECF No. 1 at 1.)  Thus, the court concludes that the Government's motion should be denied on this ground.

**C.     Personal Property Claims**

Nonetheless, the court concludes that it lacks jurisdiction over Cook's FTCA claims for his lost personal property.  The FTCA's limited waiver of sovereign immunity does not extend to tort claims for the loss of personal property by a BOP employee. Ali v. Fed. Bureau of Prisons, 552 U.S. 214 (2008) (finding that BOP employees are "law enforcement officers" within the meaning of the exception to the Government's waiver of sovereign immunity found in 28 U.S.C. § 2680(c)). Rather, such claims appear to be governed by 31 U.S.C. § 3723.  The Government's decisions regarding claims governed by this statute are not subject to judicial review.  31 U.S.C. § 3721(k);

---

³ McNeil recognizes the special rule for the "unique circumstance" of an incarcerated inmate. In such situations, to protect the rights of prisoners who have no control over the processing of papers delivered to prison officials for mailing, the filing date for statute of limitations purposes is deemed to be the date that the complaint is delivered to the prison mail room. See Houston v. Lack, 487 U.S. 266, 270-72, 276 (1988).  This rule is not applicable here, however, for at least two reasons. First, the policy behind the rule in Houston v. Lack is to protect the inmate from a defense that he filed too late in a situation outside his control, id., which is not the circumstance presented here. Moreover, in any event, it does not appear that Cook utilized the prison mail room to send his Complaint to the Clerk of Court.  (ECF No. 1-2); see Knickerbocker v. Artuz, 271 F.3d 35, 37 (2d Cir. 2001) ("We join the other circuits that have addressed this issue by holding that the prison mailbox rule established in Houston does not apply where a *pro se* prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court clerk.").



Merrifield v. United States, 14 Cl. Ct. 180, 183-84 (1988).  Accordingly, Cook's claim based upon the loss of his personal property is not reviewable by this court.

**D.     Personal Injury Claims**

The Government appears to assert that Cook's claims should be dismissed because "[m]any of the issues he raises might state constitutional claims, however, they do not sound in tort." (ECF No. 25 at 10.)  However, as noted above, Cook's Complaint, liberally construed, appears to allege that he sustained personal injury to his back and skin due to the Government's negligence.  Accordingly, the court is constrained to recommend denial of the Government's motion on this ground without prejudice to file a properly supported motion for summary judgment regarding Cook's personal injury claims based on negligence.

**E.     Government's Motion Regarding Cook's Amended Complaint**

Finally, the Government correctly argues that any recovery by Cook in this action is limited to the amount requested in his administrative claim unless "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim," which he has failed to allege with regard to his personal injury claims.  28 U.S.C. § 2675(b); see also Kielwien v. United States, 540 F.2d 676, 680-81 (4th Cir. 1976); Martinez v. United States, 780 F.2d 525, 530 (5th Cir. 1986).  In the administrative claim relating to this matter, Cook sought $12,000,000.00 in personal injury damages.  (See ECF No. 25-1 at 5.)  Therefore, contrary to Cook's requests for relief in his Complaint and Amended Complaint, Cook may not recover in excess of $12,000,000.00 in this matter.

**RECOMMENDATION**

The court lacks subject matter jurisdiction over Cook's claims pursuant to the Federal Tort Claims Act regarding his personal property. But the court finds that dismissal of Cook's personal injury claims is not proper based on the grounds raised in the Government's motion. However, the Government correctly points out that Cook's prayer for relief is limited to the amount originally sought in his administrative claim. Accordingly, the court recommends that the defendant's motions to dismiss (ECF Nos. 25 & 33) be granted in part and denied in part.

                                                                                            _____
                                                                                            Paige J. Gossett
                                                                                            UNITED STATES MAGISTRATE JUDGE

January 6, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).