IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
CLERK, CHARLESTON, SC

2012 FEB -6  A 10: 46

| | |
|---|---|
| Darryl L. Cook, | Civil Action No.: 0:11-cv-00320-RMG |
| Plaintiff, | |
| vs. | **ORDER** |
| United States of America, | |
| Defendant. | |

Plaintiff, Darryl L. Cook, currently a detainee at FCI-Estill brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA" or "Act").[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this matter was referred to the United States Magistrate Judge for all pretrial proceedings. Defendant filed a motion to dismiss, or in the alternative, for summary judgment on May 27, 2011 (Dkt. No. 25) as well as a motion to dismiss regarding Plaintiff's amended complaint on June 23, 2011 (Dkt. No. 33). Plaintiff has filed responses to both motions (Dkt. Nos. 28 and 36) and Defendant has filed a reply (Dkt. No. 32). On January 6, 2012, the Magistrate Judge issued a Report and Recommendation ("R & R") recommending that the Defendant's motions be granted in part and denied in part. Defendant has filed objections to the R & R. (Dkt. No. 42). The Court agrees with the conclusions set forth in the R & R for the reasons discussed herein.

Plaintiff alleges that his personal property was lost when he was transferred from a Bureau of Prisons facility in Atlanta, Georgia to FCI-Estill in South Carolina. (Dkt. No. 16-1 at 2-3). Plaintiff further alleges that he suffered a back injury while working at his prison job, for

---

[1] As the Magistrate Judge noted, Plaintiff has explicitly brought his claims under the Federal Tort Claims Act and as such, the Court addresses his claims under the Act and not as a *Bivens* claim. (Dkt. No. 16-1 at 10).

1

which medical treatment was denied, and that he has been harmed by contaminated water at the prison. (Dkt. No. 16-1 at 3). In Plaintiff's amended complaint, he sought to increase the amount of damages he claims from the Defendant. (Dkt. No. 16 at 3).

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

After reviewing the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the Court agrees with and wholly adopts the conclusions of the Magistrate Judge. Defendant argues that Plaintiff has failed to exhaust his administrative remedies and thus this Court is deprived of subject matter jurisdiction. The FTCA provides for a limited waiver of the Government's sovereign immunity from suit for injury or loss of property. 28 U.S.C. § 1346(b)(1). Waivers of sovereign immunity are to be "strictly construed. . . in favor of the sovereign." *Welch v. U.S.*, 409 F.3d 646, 650-51 (4th Cir. 2005). The pertinent provision under the Act requires, *inter alia*, that Plaintiff first present his FTCA claim to the appropriate agency, his claim is finally denied by the agency in writing and that "[t]he failure of an agency to make final disposition of a claim within sixth months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28

2

U.S.C. § 2675. Plaintiff then has six months after notice of the final denial of the claim by the federal agency to bring his tort claim against the United States. 28 U.S.C. § 2401.

A decision letter denying Plaintiff's claims was signed on February 3, 2011 by the Bureau of Prisons, Southeast Regional Office. (Dkt. No. 25-1 at 9-10). This letter instructed Plaintiff that he has six months to bring suit in the appropriate United States District Court. (*Id*). In *McNeil v. U.S.*, the Supreme Court reasoned that under the FTCA, "the normal interpretation of the word 'institute' is synonymous with the words 'begin' and 'commence'." *McNeil v. U.S.*, 508 U.S. 106, 112 (1993). Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court" and under Rule 5 a paper is filed when it is delivered to the clerk. FED. R. CIV. P. 3, 5(d)(2)(A). The record reflects that Plaintiff's complaint was delivered to the Court on February 7, 2011, after the expiration of the statutory waiting period. (Dkt. No. 1 at 1). The Court agrees with the conclusion of the Magistrate Judge that the Government's motion to dismiss should be denied as to Plaintiff's failure to exhaust his administrative remedies.

As to Plaintiff's claims regarding his personal property, the Magistrate Judge properly concluded that this Court lacks jurisdiction, as the FTCA's limited waiver of sovereign immunity does not extend to tort claims for the loss of personal property by a BOP employee. *See Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008). Rather, such claims appear to be governed by 31 U.S.C. § 3723 and the Government's decisions pursuant to this statute are not subject to judicial review under 31 U.S.C. § 3721(k).

As to Plaintiff's claims of personal injury to his back and his skin due to the Government's negligence, a liberal construction of Plaintiff's complaint necessitates a denial of Defendant's motion to dismiss. Federal courts are charged with liberally construing pro se

3

complaints to allow for the development of a potentially meritorious case. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, Defendant's motion to dismiss as to Plaintiff's personal injury claims are denied without prejudice to the Government, with leave to file a properly supported motion for summary judgment regarding Plaintiff's personal injury claims based on negligence. However, the Court is constrained to agree with the Magistrate Judge that Plaintiff may not recover in excess of $12,000,000.00 in this matter, as this is the amount that Plaintiff sought in his administrative claim. (Dkt. No. 25-1 at 5); *see also*, 28 U.S.C. § 2675(b).

Plaintiff's objections appear to restate his previous arguments and to the extent that he makes new arguments, appear to either relate to an administrative claim that is the subject of a separate lawsuit filed by Plaintiff, C/A 0:11-2669-RMG-PJG, or claims that were not properly exhausted, such as the prison's failure to treat him properly for cancer and his failure to receive a recommended colonoscopy. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## CONCLUSION

The Court, after a thorough review of the Report and Recommendation of the Magistrate Judge and the relevant case law, finds the Magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. Because Plaintiff's personal property claims are not subject to review by this Court, Defendant's motion to dismiss as to those claims is **GRANTED**. However, Defendant's motion to dismiss as to Plaintiff's personal injury claims is **DENIED**, with leave for Defendant to file a properly supported motion for summary judgment, and such claims are limited to the amount originally sought by Plaintiff in his administrative claim. Therefore,

4

Defendant's motions to dismiss (Dkt. Nos. 25 & 33) are **DENIED** in part and **GRANTED** in part.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 6, 2012
Charleston, South Carolina