IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Darryl L. Cook, | ) | C/A No. 0:11-320-RMG-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| United States of America, | ) | |
| Defendant. | ) | |
| | ) | C/A No. 0:12-216-MGL-PJG |
| Darryl L. Cook, | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| United States of America, | ) | |
| Defendant. | ) | |

The plaintiff, Darryl L. Cook ("Cook"), a self-represented federal prisoner, filed these actions pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA" or "Act"), against the defendant, the United States of America.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment in C/A No. 0:11-320-RMG-PJG (ECF No. 53) and the defendant's motion to dismiss in C/A No. 0:12-216-MGL-PJG (ECF No. 18). Pursuant to Roseboro

---

[1] To the extent that Cook raises a claim challenging his transfer and access to the courts, this claim appears to be the subject of a separate administrative claim and lawsuit, C/A 0:11-2669-RMG-PJG. Further, to the extent that Cook continues to raise claims concerning the loss of his property, his cancer treatment, or the failure to receive a recommended colonoscopy or other colon-related treatment, these claims have been dismissed or are not properly before the court. (See C/A No. 0:11-320-RMG-PJG, Order, ECF No. 43.)

v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Cook in both cases of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motions. (C/A No. 0:11-320-RMG-PJG, ECF No. 54; C/A No. 0:12-216-MGL-PJG, ECF No. 19.) Cook filed responses in opposition. (C/A No. 0:11-320-RMG-PJG, ECF No. 59; C/A No. 0:12-216-MGL-PJG, ECF No. 26.) Further, in C/A No. 0:12-216-MGL-PJG, the defendant filed a reply (ECF No. 27), and Cook filed two sur-replies. (ECF Nos. 31 & 32.)

On February 6, 2012, the court granted in part the defendant's motion to dismiss in C/A No. 0:11-320-RMG-PJG. (ECF No. 43.) The court denied the defendant's motion to the extent that it sought dismissal of Cook's personal injury claims, which the court described as alleging that he suffered a back injury while working at his prison job and that he had been harmed by contaminated water at the prison. Complicating matters is Cook's recent argument that he is not raising a claim concerning the back injury he suffered while working in his prison job in C/A No. 0:11-320-RMG-PJG. (But see C/A No. 0:11-320-RMG-PJG, Am. Compl., ECF No. 16-1 at 11) ("As a direct and proximate result of defendants negligence, as herein alleged, plaintiff suffered severe back injuries from his prison job . . . ."). Cook asserts that his work injury claim is the subject of C/A No. 0:12-216-MGL-PJG; however, the defendant has moved to dismiss C/A No. 0:12-216-MGL-PJG as raising a claim that is duplicative to the one contained in C/A No. 0:11-320-RMG-PJG. Regardless of which civil action contains Cook's claim regarding his work-related back injury, the defendant has filed a motion for summary judgment addressing the merits of that claim in C/A No. 0:11-320-RMG-PJG, to which Cook has responded.[2]  Therefore, the court is addressing these cases together

---

[2] The court finds any allegations that the defendant engaged in misconduct or attempted to confuse the court to be without merit. Cook's Complaints in both cases state that he is raising a claim relating to a work-related back injury, which the defendant has addressed.



in this Report and Recommendation. Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motions should be granted.

## BACKGROUND

As stated above, these FTCA cases allege that the defendant was negligent in handling Cook's back injury sustained at his prison job and in failing to advise inmates of contaminated water at the prison which caused Cook to suffer a skin condition on his back. At issue with regard to the pending motions is whether Cook failed to exhaust his administrative remedies regarding his allegations of contaminated water before filing this action and whether Cook's claim of a work-related injury and subsequent medical care is properly raised as a claim under the FTCA.

## DISCUSSION

A.  **Exhaustion of Remedies under the FTCA**

Cook has expressly filed these actions pursuant to the FTCA. The Act provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the FTCA includes a limited waiver of the Government's immunity as a sovereign, the statute is to be strictly construed and its requirements strictly met. See Welch v. United States, 409 F.3d 646, 650-51 (4th Cir. 2005); see also Lane v. Pena, 518 U.S. 187, 192 (1996) (stating that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign").



The pertinent provision of the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). When a plaintiff fails to follow the statutory exhaustion requirements, a federal district court lacks subject matter jurisdiction over the claim. See Plyler v. United States., 900 F.2d 41 (4th Cir. 1990); see also McNeil v. United States, 508 U.S. 106, 113 (1993). The burden of establishing subject matter jurisdiction over an FTCA claim lies with the plaintiff. See Welch, 409 F.3d at 650-51.

The defendant contends that although Cook has satisfied the exhaustion requirement with regard to his allegations that he received inadequate treatment for his work-related back injury, he has not filed any administrative claims regarding any alleged skin problems due to contaminated water. (See Def.'s Mem. Supp. Mot. Summ. J. at 4-5, ECF No. 53 at 4-5; Lathrop Decl. ¶ 4, ECF No. 53-1 at 2; see also Reed Decl. ¶ 16; ECF No. 53-2 at 5 (stating that Cook's medical records do not indicate any complaints of skin problems or alleging contaminated water)). However, an administrative complaint previously filed in C/A No. 0:11-320-RMG-PJG contains allegations that Cook suffered personal injury as a result of his transfer, which included that his "immune system is compromised by the quality of water here at this prison after my chemotherapy." (ECF Nos. 25-1 at 5; 42-3 at 1; 48-1 at 1-2.) The court finds that this statement combined with Cook's request for a sum certain is sufficient to establish that Cook has presented his contaminated water claim to the

defendant for the purposes of exhaustion. See, e.g., Ahmed v. United States, 30 F.3d 514, 517 (4th Cir. 1994) ("Section 2675(a) of Title 28 and 28 C.F.R. § 14.2(a) require two elements for sufficient presentment of a claim to an agency: 1) written notice sufficient to cause the agency to investigate, and 2) a sum-certain value on the claim."). Accordingly, the court has subject matter jurisdiction over this claim.

**B.    Contaminated Water**

Nevertheless, the defendant is entitled to summary judgment on Cook's contaminated water claim. As stated above, the FTCA provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). To prevail on a negligence claim in South Carolina, a plaintiff must demonstrate "(1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damages proximately resulting from the breach of duty." Fowler v. Hunter, 697 S.E.2d 531, 534 (S.C. 2010).

In this case, Dr. Edward Reed, the Medical Officer at FCI-Estill, submitted a declaration as well as Cook's medical records from the time that Cook has been housed at FCI-Estill. The medical records consist of fifty pages and reflect numerous medical encounters from July 2010 through July 2011. (See ECF No. 53-2 at 6-55.) Reed declares, and the medical records reveal, that "at no time has [Cook] ever had a complaint about skin problems or alleged contaminated water." (Reed Decl. ¶ 16, ECF No. 53-2 at 5.) In opposing the defendant's motion, Cook relies on a newspaper article

questioning water quality at FCI-Estill; his unsupported arguments that the medical records are falsified and fraudulent and that he has been denied medical attention for a skin condition; and his unsupported assertion that he has suffered injuries from the water. These naked arguments are plainly insufficient for a reasonable jury to find a breach of a duty owed to Cook and any damages proximately resulting therefrom.

**C.      Work-Related Back Injury**

Cook's Complaints in both actions, liberally construed, allege that he sustained personal injury to his back while performing his prison job, and that the defendant has failed to provide adequate treatment for his injury. (See C/A No. 0:11-320-RMG-PJG, Am. Compl., ECF No. 16-1 at 11; C/A No. 0:12-216-MGL-PJG, Compl., ECF No. 1 at 1-2.) The defendant correctly argues that the Inmate Accident Compensation Act (18 U.S.C. § 4126), as opposed to the FTCA, is the exclusive remedy against the United States for federal inmates' claims of work-related injuries. See 28 C.F.R. § 301.319; United States v. Demko, 385 U.S. 149, 152-53 (1966); see also 28 C.F.R. § 301.102(a) (defining "work-related injury"); Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987) (holding that the Inmate Accident Compensation Act also "provides the exclusive remedy where a prisoner with a preexisting medical problem is subsequently injured in a work-related accident"); Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (*per curiam*) ("[T]he cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job."). The Inmate Accident Compensation Act is also the exclusive remedy for negligent treatment of federal prisoners' work-related injuries. See Vander v. U.S. Dep't of Justice, 268 F.3d 661 (9th Cir. 2001); Wooten, 825 F.2d at 1044 ("Section 4126 is also the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials or

when the injury stems from a negligent job assignment.") (citations omitted). Accordingly, the defendant is entitled to judgment as a matter of law on Cook's FTCA claims.

## RECOMMENDATION

Based on the foregoing and the current procedural posture of these cases as Cook's claims have been construed by the court, the court recommends that the defendant's motion in C/A No. 0:11-320-RMG-PJG (ECF No. 53) and defendant's motion in C/A No. 0:12-216-MGL-PJG (ECF No. 18) be granted. Summary judgment should be entered for the defendant in C/A No. 0:11-320-RMG-PJG. C/A No. 0:12-216-MGL-PJG should be dismissed as duplicative.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 27, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).