IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Darryl L. Cook,                                )
                                               )     Case No. 0:11-320-RMG
                Plaintiff,                     )
                                               )
v.                                             )
                                               )     **ORDER**
United States of America,                      )
                                               )
                Defendant.                     )
_____)

Currently pending before the Court are Defendant's motion for summary judgment (Dkt. No. 53) and Plaintiff's motion for legal mail to be placed on record and opened in his presence (Dkt. No. 64). Both motions come before the Court on Report and Recommendations from the Magistrate. (Dkt. Nos. 77, 78). For the reasons set forth below, the Court adopts the Magistrate's Report and Recommendations as the order of the Court.

**Background**

Plaintiff, currently a detainee at FCI-Estill, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-91 ("FTCA"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings. On May 27, 2011, Defendant filed a motion to dismiss (Dkt. No. 25) which the Court granted in part but denied to the extent it sought dismissal of Plaintiff's personal injury claims. Plaintiff's personal injury claims related to alleged negligent treatment of a back injury that Plaintiff suffered in the course of his prison employment and alleged injuries from contaminated water at the prison. (Dkt. No. 43). Following this ruling, Defendant filed a motion for summary judgment on March 2, 2012 (Dkt. No. 53), and Plaintiff filed a motion relating to his legal mail on April 23, 2012 (Dkt. No. 64). On September 28, 2012, the Magistrate issued

two Report and Recommendations denying Plaintiff's motion (Dkt. No. 77) and granting Defendant's motion for summary judgment (Dkt. No. 78). Plaintiff then filed timely objections to both Report and Recommendations. (Dkt. No. 81).

### Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

1. Plaintiff's Motion to Put Legal Mail on Record

The Court agrees with and wholly adopts the Magistrate's Report and Recommendation denying Plaintiff's motion. (Dkt. No. 77). The Magistrate correctly notes that this motion is not directed to the Defendant, and asks for relief outside the scope of his FTCA claim. Further, Plaintiff's objections do not address his motion regarding legal mail. Finding no clear error, the Court therefore adopts the Report and Recommendation of the Magistrate as to Plaintiff's motion. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

2. Defendant's Motion for Summary Judgment

The Court also agrees with and adopts the Report and Recommendation of the Magistrate granting Defendant's motion for summary judgment. (Dkt. No. 78). As discussed above, the Court's prior order on Defendant's motion to dismiss allowed Plaintiff's claims regarding his alleged back injury and water contamination to proceed. However, as noted by the Magistrate, Plaintiff's alleged work-related back injury and the ensuing negligent treatment of this injury are not cognizable under the FTCA. Rather, the Inmate Accident Compensation Act, 18 U.S.C. § 4126, provides the exclusive remedy for this claim. *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663-64 (9th Cir. 2001). Plaintiff's objections do not attempt to address this barrier to his claim. The Court finds the Magistrate ably addressed the legal and factual issues and correctly held that Plaintiff's back injury claim should be dismissed as a matter of law.

The Court finds that the Magistrate also correctly determined that Defendant is entitled to judgment as a matter of law regarding Plaintiff's claimed injury from contaminated water. The Magistrate determined that the materials in the record all showed that Plaintiff had never complained to medical staff regarding contaminated water or skin conditions resulting therefrom. (Dkt. No. 78 at 5). Plaintiff objects to this finding by arguing that the medical files must have been falsified. (Dkt. No. 81 at 4). The Court finds that Plaintiff's unsupported assertion that his medical records were altered is not sufficient to create a genuine issue of material fact. *See Bedell v. Angelone*, No. 2:01CV780, 2003 WL 24054709, at *9 (E.D. Va. Oct. 3, 2003) ("Plaintiff cannot create a material issue of fact by making bald, unsupported assertions that his records were "doctored," particularly when the records are authenticated medical records kept in the ordinary course of business.") The Court finds the Magistrate correctly held that Defendant

is entitled to summary judgment because, based on this record, no reasonable jury could find a breach of duty owed to Plaintiff and any damages proximately resulting therefrom.

## Conclusion

Based on the reasoning set forth above, the Court adopts the Report and Recommendations of the Magistrate. (Dkt. Nos. 77, 78). Accordingly, the Court **GRANTS** Defendant's motion for summary judgment (Dkt. No. 53) and **DENIES** Plaintiff's motion for legal mail to be put on record (Dkt. No. 64).

Richard Mark Gergel
United States District Court Judge

November  1, 2012
Charleston, South Carolina